IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID LINDQUIST and STEPHANIE, | : | |
| LINDQUIST, Husband and wife, | : | |
| 8689 PA Route 547 | : | |
| Susquehanna, PA 18847 | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | CIVIL ACTION - LAW |
| | : | |
| XPRESS NATURAL GAS, LLC, | : | |
| 300 Brickstone Square, Suite 1005 | : | |
| Andover, MA 01810 | : | |
| | : | |
| Defendant | : | |

## COMPLAINT

AND NOW COME the Plaintiffs, David Lindquist and Stephanie Lindquist, husband and wife, by and through their attorneys, Dougherty, Leventhal & Price, L.L.P., and file the following Complaint as against the above-captioned Defendant, Xpress Natural Gas, LLC, and in support thereof, avers as follows:

### JURISDICTION

1. This action is one over which the federal court has original jurisdiction pursuant to Title 28, United States § 1332 since the amount in controversy exceeds a sum or value of Seventy-Five Thousand Dollars ($75,000) exclusive of interest and costs, and is between a citizen and a party of different states.

### PARTIES

2. The Plaintiffs, David Lindquist and Stephanie Lindquist, husband and wife, are adult and competent individuals currently residing at 8689 PA Route 547, Susquehanna,

Susquehanna County, Pennsylvania, 18847.

3. The Defendant, Xpress Natural Gas, LLC (hereinafter "Xpress"), is a Massachusetts Corporation with a primary business address of 300 Brickstone Square, Suite 1005, Andover, Massachusetts 01810 and a local address of 3814 North Road, Montrose, Susquehanna County, Pennsylvania 18801.

4. At all times relevant hereto, and specifically on June 3, 2021, Timothy Guse (hereinafter "Guse"), was an employee of Xpress and was acting in the course and scope of his employment and/or was an agent/servant/workman for which Xpress was legally responsible for at the time of the accident.

## FACTS

5. On or about June 3, 2021 at approximately 5:13 P.M., Guse was turning right onto South Main Street from Church Street in Montrose, Susquehanna County, Pennsylvania, when he struck the legally-parked trailer of Robert Eggleston, which was dragged forward and struck the rear of Plaintiffs' vehicle which was legally-parked on the southbound shoulder of South Main Street. This accident caused Plaintiffs serious and permanent injuries to be more particularly set forth below.

## COUNT I - NEGLIGENCE
## DAVID LINDQUIST V. EXPRESS NATURAL GAS, LLC

6. David Lindquist incorporates by reference the paragraphs 1 through 5, above as if the same were set forth fully herein at length.

7. At all times relevant hereto, and specifically on June 3, 2021, Guse was an employee of Xpress.

8. Xpress is vicariously liable for the conduct of Guse and also directly liable for the following careless and negligent conduct:

   a) striking the Plaintiffs with his vehicle;

   b) inattentiveness while operating a motor vehicle;

   c) failing to keep the vehicle under proper and adequate control so that it could be readily stopped, turned aside and/or the speed thereof slackened upon the appearance of Plaintiffs;

   d) failing to keep a proper lookout for Plaintiffs and others;

   e) failing to apply the brakes in order to stop his vehicle from impacting Plaintiffs' vehicle;

   f) operating his vehicle in a direction toward the Plaintiffs when he saw, or in the exercise of reasonable diligence should have seen, that further operation in that direction would result in his impacting his vehicle into the Plaintiffs;

   g) failing to take into account the place and position of the Plaintiffs;

   h) inadequately and/or improperly screening/interviewing/hiring Guse;

   i) inadequately and/or improperly training and/or supervising Guse;

   j) inadequately and/or improperly allowing Guse to operate its equipment despite knowledge of the driver's inability to adequately and properly operate a motor vehicle as more fully set forth in the preceding paragraphs; and,

   k) negligence per se.

9. As a result of the careless and negligent conduct of Xpress, David Lindquist has suffered serious and permanent injuries including, but not limited to, injuries to the nerves,

ligaments, tendons, muscles and soft tissues of the body; aggravation of pre-existing conditions; injuries to the cervical, thoracic and lumbar regions of his spine; a concussion; and other injuries throughout the body.

10. As a result of the careless and negligent conduct of Xpress, David Lindquist has been forced to undergo medical treatment for his injuries and may continue to undergo medical treatment into the future.

11. As a result of the careless and negligent conduct of Xpress, David Lindquist has suffered a loss of earnings and earning capacity and will continue to suffer the same for an indefinite period into the future.

12. As a result of the careless and negligent conduct of Xpress, David Linquist has been caused to incur medical expenses and will continue to incur said medical expenses and other expenses for an indefinite period of time into the future.

13. As a result of the careless and negligent conduct of Xpress, David Lindquist has suffered great pain, mental anguish, interruption of his lifestyle, scarring and disfigurement, and mental and physical suffering and will continue to do so for an indefinite period of time into the future.

WHEREFORE, Plaintiff, David Lindquist, demands judgment against the Defendant, Xpress Natural Gas, LLC, in an amount in excess of Seventy-Five Thousand Dollars ($75,000) plus interest and costs.

## COUNT II- NEGLIGENCE

### STEPHANIE LINDQUIST V. EXPRESS NATURAL GAS, LLC

14. Stephanie Lindquist incorporates by reference the paragraphs 1 through 13, above as if the same were set forth fully herein at length.

15. At all times relevant hereto, and specifically on June 3, 2021, Guse was an employee of Xpress.

16. Xpress is vicariously liable for the conduct of Guse and also directly liable for the following careless and negligent conduct:

   a) striking the Plaintiffs with his vehicle;

   b) inattentiveness while operating a motor vehicle;

   c) failing to keep the vehicle under proper and adequate control so that it could be readily stopped, turned aside and/or the speed thereof slackened upon the appearance of Plaintiffs;

   d) failing to keep a proper lookout for Plaintiffs and others;

   e) failing to apply the brakes in order to stop his vehicle from impacting Plaintiffs' vehicle;

   f) operating his vehicle in a direction toward the Plaintiffs when he saw, or in the exercise of reasonable diligence should have seen, that further operation in that direction would result in his impacting his vehicle into the Plaintiffs;

   g) failing to take into account the place and position of the Plaintiffs;

   h) inadequately and/or improperly screening/interviewing/hiring Guse;

   i) inadequately and/or improperly training and/or supervising Guse;

   j) inadequately and/or improperly allowing Guse to operate its equipment despite knowledge of the driver's inability to adequately and properly operate a motor

    vehicle as more fully set forth in the preceding paragraphs; and,

  k)  negligence per se.

17. As a result of the careless and negligent conduct of Xpress, Stephanie Lindquist has suffered serious and permanent injuries including, but not limited to, injuries to the nerves, ligaments, tendons, muscles and soft tissues of the body; aggravation of pre-existing conditions; injuries to the cervical and thoracic regions of her spine; a concussion; tinnitus; a cracked tooth; and other injuries throughout the body.

18. As a result of the careless and negligent conduct of Xpress, Stephanie Lindquist has been forced to undergo medical treatment for her injuries and may continue to undergo medical treatment into the future.

19. As a result of the careless and negligent conduct of Xpress, Stephanie Lindquist has suffered a loss of earnings and earning capacity and will continue to suffer the same for an indefinite period into the future.

20. As a result of the careless and negligent conduct of Xpress, Stephanie Linquist has been caused to incur medical expenses and will continue to incur said medical expenses and other expenses for an indefinite period of time into the future.

21. As a result of the careless and negligent conduct of Xpress, Stephanie Lindquist has suffered great pain, mental anguish, interruption of her lifestyle, scarring and disfigurement, and mental and physical suffering and will continue to do so for an indefinite period of time into the future.

WHEREFORE, Plaintiff, Stephanie Lindquist, demands judgment against the Defendant, Xpress Natural Gas, LLC, in an amount in excess of Seventy-Five Thousand Dollars ($75,000)

plus interest and costs.

## COUNT III - LOSS OF CONSORTIUM

### DAVID LINDQUIST V. EXPRESS NATURAL GAS, LLC

22. David Lindquist incorporates by reference the allegations set forth in paragraphs 1 through 21, inclusive, as though the same were fully set forth herein at length.

23. As a result of the careless and negligent conduct of Xpress, David Lindquist has been caused various expenses for the medical care and treatment of his wife's injuries, and said expenses will continue indefinitely in the future.

24. As a result of the careless and negligent conduct of Xpress, David Lindquist has been deprived of the marital relations, society, comfort, and companionship of his wife and will be deprived of the same for an indefinite period of time in the future.

WHEREFORE, Plaintiff, David Lindquist, demands judgment against the Defendant, Xpress Natural Gas, LLC, in an amount in excess of Seventy-Five Thousand Dollars ($75,000) plus interest and costs.

## COUNT IV - LOSS OF CONSORTIUM

### STEPHANIE LINDQUIST V. EXPRESS NATURAL GAS, LLC

25. Stephanie Lindquist incorporates by reference the allegations set forth in paragraphs 1 through 24, inclusive, as though the same were fully set forth herein at length.

26. As a result of the careless and negligent conduct of Xpress, Stephanie Lindquist has been caused various expenses for the medical care and treatment of her husband's injuries, and said expenses will continue indefinitely in the future.

27. As a result of the careless and negligent conduct of Xpress, Stephanie Lindquist has been

deprived of the marital relations, society, comfort, and companionship of her husband and will be deprived of the same for an indefinite period of time in the future.

WHEREFORE, Plaintiff, Stephanie Lindquist, demands judgment against the Defendant, Xpress Natural Gas, LLC, in an amount in excess of Seventy-Five Thousand Dollars ($75,000) plus interest and costs.

                DOUGHERTY, LEVENTHAL & PRICE, L.L.P.

                *Paul T. Oven, Esquire /s/*
                PAUL T. OVEN, ESQUIRE
                PA I.D. No. 77106
                75 Glenmaura National Boulevard
                Moosic, PA 18507
                Phone:  (570) 347-1011
                Facsimile: (570) 347-7028
                Email: ptoven@dlplaw.com